UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 13 CR 328 |
| | ) | |
| ABDELLA AHMAD TOUNISI | ) | Hon. Samuel Der-Yeghiayan |

## PROTECTIVE ORDER

WHEREAS, the parties agree that they have a compelling interest in preventing certain sensitive but declassified discovery materials from being disclosed to anyone not a party to the court proceedings in this matter; such material may include information relevant to ongoing national security investigations and prosecutions; and such materials may implicate the privacy interests of the defendant and third parties;

AND WHEREAS, the government seeks to tender to the defendant certain declassified materials prior to the next scheduled proceeding in this case. As used herein, the term "Sensitive Discovery Material" refers to any and all classified documents, materials, and information that have been marked as declassified and provided by the government to defense counsel as part of discovery in this case;[1]

AND WHEREAS, the parties further agree that the Court has the power under Fed. R. Crim. P. 16(d)(1) and 26.2 to grant appropriate relief to the parties where required in the interests of justice;

---

[1] The category of Sensitive Discovery Materials includes all declassified information, and all declassified materials that were a product of physical searches or electronic surveillance authorized pursuant to the Foreign Intelligence Surveillance Act of 1978, 50 U.S.C. §§ 1801-1811, 1821-1829, (FISA) that are reviewed by or made available to the defendant or defense team in this case.

THEREFORE, IT IS HEREBY ORDERED pursuant to Rule 16(d) of the Federal Rules of Criminal Procedure that the government shall segregate the discovery materials it produces to the defendant and his counsel of record into two categories: (1) General Discovery Materials, and (2) Sensitive Discovery Materials. The category to which particular discovery materials belong shall be clearly identified by the government;

IT IS FURTHER ORDERED that, except as provided below, General Discovery Materials shall not be further disseminated[2] by the defendant or his counsel of record to any individuals, organizations or other entities, other than: (i) members of the defense team (co-counsel, paralegals, investigators, translators, litigation support personnel, the defendant, and secretarial staff) and (ii) experts retained to assist in the preparation of the defense. Members of the defense team may show (but not provide copies of) any General Discovery Materials to witnesses and their counsel or potential witnesses and their counsel during the course of their investigation of this case. Each of the individuals to whom disclosure is made pursuant to the above provisions shall be provided a copy of this protective order and will be advised that he or she shall not further disseminate the materials except by the express direction of counsel of record or co-counsel;

IT IS FURTHER ORDERED that Sensitive Discovery Materials shall not be further disseminated by the defendant or his counsel of record to any individuals,

---

[2] "Disseminated" means to provide, show or describe to another either a particular piece of discovery or quotations, excerpts, or summaries derived therefrom.

organizations or other entities, other than (i) members of the defense team (co-counsel, paralegals, investigators, translators, litigation support personnel, the defendant, and secretarial staff); and (ii) experts retained to assist in the preparation of the defense. Each of the individuals to whom disclosure is made pursuant to the above provision shall be provided a copy of this protective order and will be advised that he or she shall not further disseminate the materials except by the express direction of counsel of record or co-counsel. The government shall provide copies of any Sensitive Discovery Material appropriately so marked. It is expressly understood that counsel for the defendant or co-counsel may not disseminate any of such Sensitive Discovery Materials to witnesses or potential witnesses. The defendant may seek relief from these provisions as to a particular item or items of discovery by providing notice to the Court of intent to disseminate particular identified item(s) to a witness and the purpose in doing so. The Notice shall be *ex parte* and under seal. No disclosure of the item(s) to the witness(es) shall be made until the Court so permits. The Court, after notifying the defense, may consult with the government regarding any dissemination requests pursuant to this paragraph;

IT IS FURTHER ORDERED that no Sensitive Discovery Material shall be disseminated to any member of the defense team, as defined above, expert witness retained by the defense team, or any duly authorized witness unless that person shall first have signed the Memorandum of Understanding in the form attached hereto, agreeing to comply with the terms of this Order. The signed Memorandum of Understanding shall be filed with the Court *ex parte* and under seal. The substitution,

departure, or removal for any reason from this case of counsel for the defendant, or anyone associated with the defense team shall not release that person from the provisions of this Order or the Memorandum of Understanding executed in connection with this Order;

IT IS FURTHER ORDERED that all discovery materials, whether general or sensitive, in this case are now and will forever remain the property of the United States Government. At the conclusion of this case, all Sensitive Discovery Materials and all audio or video recordings shall be destroyed or maintained under secure conditions by defense counsel. Upon written request of the Government, all Sensitive Discovery Materials and all audio or video recordings shall be returned to the Government. All remaining material shall be disposed of in one of three ways, unless otherwise ordered by the Court: such materials may be (1) destroyed; (2) returned to the United States; or (3) retained in defense counsel's case file. The Court may require a certification as to the disposition of any such materials. In the event that any materials are retained by defense counsel, the restrictions of this Order continue in effect for as long as the materials are so maintained, and the materials may not be disseminated or used in connection with any other matter without further order of the Court.

IT IS FURTHER ORDERED the defense team and any other authorized persons shall not copy or reproduce the materials except in order to provide copies of the materials for use in connection with this case by the defense team and such authorized persons. Such copies and reproductions shall be treated in the same manner as the

original materials. Defense counsel shall not remove from any copies of either General Discovery Materials or Sensitive Discovery Materials any inscription made by the Government identifying the materials as: "U.S. Government Property" and "May Not Be Used Without U.S. Government Permission";

IT IS FURTHER ORDERED that all discovery materials are to be provided to the defense, and used by the defense, solely for the purpose of allowing the defendant to prepare his defense;

IT IS FURTHER ORDERED that no party shall make, or participate in the making of, any extrajudicial disclosure of Sensitive Discovery Materials for dissemination by means of public communication, unless such materials are (or become) public record, including but not limited to, trial transcripts, documents that have been received in evidence at other trials, or documents that are otherwise properly placed in the public domain;

IT IS FURTHER ORDERED that the restrictions set forth in this Order do not apply to documents that are or become part of the public court record, including documents that have been received in evidence at other trials, nor do the restrictions in this Order limit defense counsel in the use of discovery materials in judicial proceedings in this case, except that any document filed by any party which attaches or otherwise discloses Sensitive Discovery Material shall be filed under seal to the extent necessary to protect such information, absent prior permission from this Court.

IT IS FURTHER ORDERED that any papers to be served upon the Court in response to papers served in conformity with the preceding paragraph also be filed under seal;

IT IS FURTHER ORDERED that counsel shall store all Sensitive Discovery Materials, and any copies thereof, in a secure place;

IT IS FURTHER ORDERED that notwithstanding any other provision of this or any other Protective Order that may be entered by the Court, the disclosure or discovery of materials that may be submitted to the Court in connection with any FISA-related litigation, including but not limited to any FISA applications, orders, or related materials, shall be governed by FISA;

IT IS FURTHER ORDERED that any papers filed by the government pursuant to the Classified Information Procedures Act containing classified information shall be filed under seal and *ex parte* with the Court through the Classified Information Security Officer or a designee of his choosing who possesses the necessary security clearance. The date and time of physical submission to the Classified Information Security Officer or an appropriately cleared designee shall be considered the date and time of the filing. At the time of making a physical submission to the Classified Information Security Officer or a designee, counsel shall file on the public record in the CM/ECF system a notice of filing. This notice should contain only the case caption and the unclassified title of the filing;

IT IS FURTHER ORDERED that nothing in this Order shall preclude the government or the defendant from seeking a further protective order pursuant to Rule 16(d) as to particular items of discovery material; and

FINALLY, IT IS ORDERED that this Order is entered without prejudice to either party's right to seek a revision of the Order by appropriate motion to the Court.

                                            HON. SAMUEL DER-YEGHIAYAN
                                            UNITED STATES DISTRICT COURT

Dated: JUNE 13, 2013