UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | No. 13 CR 328 |
| | ) | |
| v. | ) | Hon. Samuel Der-Yeghiayan |
| | ) | |
| ABDELLA AHMAD TOUNISI | ) | |

**Government's Motion for a Supplemental**
<u>**Protective Order to Govern Classified Discovery**</u>

The United States, through its attorney, Gary S. Shapiro, United States Attorney for the Northern District of Illinois, respectfully moves this Court to: (1) enter a supplemental protective order to govern classified discovery in this case and (2) require the defense to have cleared counsel. In support of its motion, the government states the following:

1. This a criminal matter in which the grand jury has returned an indictment charging the defendant with providing material support to a designated foreign terrorist organization, in violation of Title 18, United States Code, Section 2339B(a)(1), and with making false statements to a federal officer in a matter involving international terrorism, in violation of Title 18, United States Code, Section 1001(a)(2) (Doc. #15).

2. As set forth in a previous filing (Doc. #21), this case involves classified material and will likely require filings pursuant to the Classified Information Procedures Act, 18 U.S.C. App. III ("CIPA"). This Court

designated a Classified Information Security Officer to assist the Court and court personnel in handling of any classified materials (Doc. #26).

3. The government has tendered to the defense a significant amount of discovery, some of which consists of materials that have been declassified. There remains, however, classified information that the government seeks to make available to defense counsel.[1]

4. The government requests entry of the proposed supplemental protective order (*see* Attachment A), so that classified information may be handled in this case without jeopardizing the national security. The proposed supplemental protective order requires security clearances for prosecutors, defense counsel, and anyone else with a need to handle classified information in the case.

5. Courts routinely require defense counsel to apply for a security clearance to review classified material in cases involving national security. *See United States v. Abu Ali*, 528 F.3d 210, 249-50 (4th Cir. 2008) (cleared counsel appointed to review classified discovery); *In Re Terrorist Bombings*, 552 F.3d 93, 128-129 (2d Cir. 2008) (concluding that mandatory clearance

---

[1] If the Court has questions about the nature or volume of these classified materials, the government requests an *ex parte* pretrial conference with the Court, pursuant to Section 2 of CIPA. *See* 18 U.S.C. App. III § 2 ("At any time after the filing of the indictment or information, any party may move for a pretrial conference to consider matters relating to classified information that may arise in connection with the prosecution.").

requirement did not violent defendant's right to counsel); *United States v. Hashmi*, 621 F.Supp.2d 76, 83 (S.D.N.Y. 2008) (finding that national security interests "justify ordering counsel to obtain a security clearance"); *United States v. Abdi*, 498 F. Supp. 2d 1048, 1087 (S.D. Ohio 2007) (finding "ample precedent" for position that defense counsel must obtain a security clearance to view classified materials); *United States v. Al–Arian*, 267 F.Supp.2d 1258, 1266 (M.D. Fla. 2003) (holding that defense counsel must apply for a security clearance in light of the government's interest in protecting classified information); *United States v. Bin Laden*, 58 F.Supp.2d 113, 118 (S.D.N.Y. 1999) (finding the court had authority to compel defense counsel to undergo security clearance procedure). This would allow defense counsel with the appropriate level of classification to review classified information for which counsel has the requisite "need to know" under the governing Executive Order. *See* Executive Order 13526, §§ 4.1(a) and 6.1(dd) (requiring that a "need to know" determination be made prior to the disclosure of classified information to anyone, including those who possess a security clearance).

6. To the extent defense counsel is unable to acquire a security clearance or declines to participate in the clearance process, the government requests that the Court appoint an attorney with a security clearance to represent the defendant's interests with respect to classified discovery. *See Abu Ali*, 528 F.3d at 249-50 (district court appointed a second defense

attorney to serve as cleared counsel); *United States v. Subasic*, 2011 WL 1930628 at *1 (E.D.N.C. 2011) (appointing cleared standby counsel for *pro se* defendant); *United States v. Oakley*, 2007 WL 4118298 at *4 (E.D. Tenn. 2007) (appointing a second defense attorney to serve as cleared counsel).

WHEREFORE, the government respectfully moves this Court to enter the proposed supplemental protective order and either require that defense counsel apply for a security clearance or appoint a cleared defense attorney to review classified discovery in this case.

August 26, 2013

Respectfully submitted,
GARY S. SHAPIRO
United States Attorney

By: s/*William E. Ridgway*
WILLIAM E. RIDGWAY
BARRY JONAS
Assistant U.S. Attorneys
219 South Dearborn Street, Fifth Floor
Chicago, Illinois 60604
(312) 469-6233